# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal Action No. 7:19-cr-28 |
| v. ) | |
| ) | |
| ) | |
| KEENAN AVERY BROWN, ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

In accordance with the provisions of 28 U.S.C. § 636(b)(3), and upon the Defendant's informed and written consent, this case was referred to me for the purpose of conducting a plea hearing.

The Government charged the Defendant in a six-count Superseding Indictment, and the Defendant is pleading guilty to Count One, charging possession with the intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Count Two, charging possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). These events were charged as occurring within the Western District of Virginia.

The plea hearing was conducted before me on September 25, 2019. The Defendant was at all times present in person and with his counsel, Chris Kowalczuk. The United States was represented by Kari K. Munro, Assistant United States Attorney. The proceedings were recorded by FTR. See Fed. R. Crim. P. 11(g).

With the Defendant's informed and written consent, I made a Rule 11 inquiry; the

Government presented a written proffer of evidence for the purpose of establishing an independent basis for the Defendant's plea; and the Defendant entered a plea of guilty to the offenses charged in Counts One and Two of the Superseding Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The Defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the Government's right, in a prosecution for perjury or false statement, to use any statement that he gives under oath against him. See Rule 11(b)(1)(A).

The Defendant testified to the following personal facts: his name is Keenan Avery Brown. He is 30 years of age, and he completed the ninth grade in school. He is a citizen of the United States, and is able to read, write, and understand English without difficulty. He has no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding. He stated that he was using no alcoholic beverage, medication, or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to the felony offenses, which he could not later withdraw. Upon inquiry, the Defendant's attorney represented that he had no reservations about the Defendant's competency to enter a plea of guilty to the felony offenses charged in Counts One and Two of the Superseding Indictment.

The Defendant acknowledged that he had received a copy of the Superseding Indictment; it had been fully explained to him; he had discussed the charges with his attorney; and he had been given enough time to do so. He stated that he understood the nature of the charges against him in the Superseding Indictment and specifically understood that it charged felony offenses.

See Rule 11(b)(1)(G). He stated that his decision to enter a plea of guilty to Counts One and Two of the Superseding Indictment had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to the felony offenses described in Counts One and Two of the Superseding Indictment.

The Defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States District Judge, and he gave his verbal and written consent to proceed with the hearing before me. The Defendant's written consent was filed and made a part of the record.

Counsel for the parties previously informed the Court that the Defendant's proposed plea of guilty was to be made pursuant to a written plea agreement. See Rule 11(c)(2). Counsel for the Government set forth the Government's understanding of the plea agreement in some detail, including: the agreement for the Defendant to plead guilty to possessing with the intent to distribute 28 grams or more of cocaine base (Count One) ([¶A.1] and possessing a firearm in furtherance of a drug trafficking crime (Count Two) ([¶A.1]); the Defendant's express acknowledgment of the maximum sentences for those offenses [¶ A.1]; the Defendant's stipulation that he was convicted of a qualifying serious drug felony on December 20, 2010 and that he understood that the Government had filed an Information pursuant to 21 U.S.C. § 851, subjecting him to an increased penalty for this prior felony drug conviction, but that the Government had agreed to dismiss the Information at sentencing if he complied with his obligations under the plea agreement [¶B.2]; the Government's stipulation that guideline section 2D1.1(c)(8) of the 2018 United States Sentencing Guidelines Manual should apply to Defendant's conduct [¶B.3]; the Defendant's admission of his factual guilt to Counts One and

3

Two of the Superseding Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the charges to which he was proposing to plead guilty [¶¶ A.1, F.5]; the Defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the Court, "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the Defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the Court [¶ B.1]; the Defendant's stipulation that all matters pertaining to Counts One and Two of the Superseding Indictment are relevant sentencing conduct [¶ B.3]; the terms of the acceptance of the responsibility provision [¶ B.3]; the scope of the Defendant's express waiver of his right of direct appeal [¶ D.1]; the scope of the Defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the Court [¶ D.2]; the Defendant's acknowledgment that he had been effectively represented in this case [¶ F.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.5]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

  The Defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the Government's attorney. He further represented that he had reviewed the agreement, initialed each page and signed page 14. Counsel for the Defendant, likewise, represented that his understanding was the same and he stated that he was satisfied that the Defendant understood all of its terms. The Defendant was shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different, or additional promise or assurance

4

of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. See Rule 11(b)(2). The agreement was then received, filed, and made a part of the record. The Defendant acknowledged that he knew his plea, if accepted, would result in his being adjudged guilty of two felony offenses.

After the range of punishments for the offenses charged in Counts One and Two of the Superseding Indictment had been outlined to the Defendant, he acknowledged that he understood the maximum penalties provided by law for conviction of Count One to be confinement in a federal penitentiary for forty (10) years, a $5,000,000 fine, and a term of supervised release of four (4) years; he also acknowledged that he understood the maximum penalties provided by law for conviction of Count Two to be life imprisonment, a fine of $250,000, and a term of supervised release of five (5) years. See Rule 11(b)(1)(H). He acknowledged that he also understood that, Counts One and Two each have a mandatory minimum sentence of imprisonment of five (5) years and that any sentence on Counts One and Two must be served consecutively. See Rule 11(b)(1)(I). In addition, the Defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment each as to Counts One and Two, for a total of $200.00. See Rule 11(b)(1)(L).

The Defendant was informed, and he expressly acknowledged, that the Court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the Defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the Defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the

pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; any applicable forfeiture; and any need to provide for restitution.[1] See Rule 11(b)(1)(J)–(K).

The Defendant testified that his attorney advised him how the Sentencing Commission Guidelines might apply to his case and the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). He stated that he understood that the Court will not be able to determine the recommended guideline sentence for his case until after the presentence report has been completed and he and the Government each had an opportunity to challenge the facts reported by the probation officer.

The Defendant acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of each formal felony charge, and he knew that, irrespective of any sentence imposed by the Court, he would have no right to withdraw this guilty plea. He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the Court would also include a period of supervised release, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. See Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained, including: his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel

---

[1] The Defendant will forfeit the following assets: (1) $1,950 in United States Currency; (2) Glock, model 30, .45 caliber semi-automatic handgun, SN MKN151; and (3) all ammunition, magazines, and accessories associated with the above firearm [¶C].

to assist in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, hear, confront, and cross-examine all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)–(E). The Defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. See Rule 11(b)(1)(F).

Pursuant to the terms of the plea agreement, the Defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal [¶ D.1]. Likewise, pursuant to the terms of the plea agreement, he expressly acknowledged that he understood he was giving up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding [¶ D.2].

The Defendant acknowledged that in the event he received a more severe sentence than he expected, or the Court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it. In addition, he expressly acknowledged that as part of any sentence, the Court may order him to serve a term of post-incarceration supervised release and that, if he violated the terms of his supervised release, he could be returned to prison for an additional period of time.

In direct response to further questioning, the Defendant also testified that he was pleading guilty to the offenses charged in Counts One and Two because he had in fact both possessed with the intent to distribute 28 grams or more of cocaine base and possessed a firearm in furtherance of a drug trafficking violation.

To permit the Court to determine whether an independent basis in fact existed for the Defendant's plea, counsel for the Government proffered its evidence through a written statement of facts signed by the Defendant and all counsel, which was filed into the record. The Defendant and his counsel did not contest any of the facts set forth by the Government. See Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the Defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, Counts One and Two of the Superseding Indictment were read to the Defendant, he was called upon for his plea, and he entered a plea of GUILTY to the offenses charged in Counts One and Two, alleging his violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(a) and 18 U.S.C. §924(c). The clerk read the written guilty plea form to the Defendant; after acknowledging it to be correct, the Defendant executed it, and it was filed and made a part of the record.

The Defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding District Judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

### GOVERNMENT'S EVIDENCE

The Government proffered that matters leading to Counts One and Two of the Superseding Indictment occurred in the Western District of Virginia. Members of the Roanoke City Police Department (RPD) conducted three controlled purchases of narcotics from the defendant, KEENAN AVERY BROWN, in Roanoke on October 31, 2018; November 1, 2018; and November 9, 2018, respectively.  Standard controls were in place for each transaction, to

include the use of audio and video recording equipment. Each purchase was made for $160.00, resulting in acquisition by the confidential source of between 1.5 grams and 1.7 grams of suspected heroin, based on field weight with packaging. Subsequent chemical analysis by the Drug Enforcement Administration, Mid-Atlantic Laboratory confirmed that each of the substances purchased from BROWN on the aforementioned dates contained a measurable quantity of heroin.

On or about January 30, 2019, members of the Roanoke Police Department (RPD) conducted surveillance of BROWN's residence, located at 2317 Shull Road NE, in Roanoke, for the purpose of assessing further narcotics activity by BROWN.

During the surveillance operation, officers observed a gray Ford vehicle arrive and park at BROWN's Schull Road address. The driver of the gray Ford did not emerge but remained stationary in the vehicle.

BROWN arrived at his residence a few minutes later in a white Cadillac. He entered and emerged from his home after a brief visit inside, walking directly to the gray Ford. BROWN met with the driver of the gray Ford for a matter of seconds, at which point both he and the driver of the gray Ford drove away from the residence.

Following this interaction at BROWN's home, members of the RPD used a confidential source to place an order with BROWN for one-half ounce, or approximately 14 grams, of heroin. After placing the order, officers watched BROWN as he returned to his residence on Shull Road. With the engine running, BROWN exited the white Cadillac once again, made a quick trip into his home, and returned to the car.

Surveillance units followed BROWN as he drove from his residence toward the designated meet location for the controlled purchase. BROWN was the driver and sole occupant of the vehicle. Members of the RPD confirmed that BROWN's privilege to drive in the

9

Commonwealth of Virginia was revoked and attempted to stop BROWN's Cadillac in the area of Cumberland Road and Round Hill Road.

Rather than stop, BROWN attempted to elude officers in the vehicle for a little more than a mile and then exited the white Cadillac and fled on foot. He was eventually taken into custody in the 500 block of Wentworth Ave NE, in Roanoke. During a search incident to arrest, officers located an off-white chunky substance on BROWN's person, in the corner of a plastic bag, consistent with the appearance and packaging of narcotics. The substance was field-tested with a positive result for cocaine.

The next day, on or about January 31, 2019, officers executed a warrant to search BROWN's residence located at 2317 Shull Road NE, in Roanoke. Inside a single dresser drawer in BROWN's bedroom, they located a Glock, model 30, .45 caliber pistol, bearing serial number MKN151; a plastic bag containing approximately 50 grams of suspected crack cocaine, which field-tested positively for the presence of cocaine on site; approximately $1,000.00 in United States currency, and a set of digital scales covered in a white powdery residue. BROWN's inmate ID from the Roanoke City Jail was on top of the dresser, with another photograph of BROWN and an apparent family member.

Agents interviewed BROWN's girlfriend on January 31 after she arrived on scene during execution of the search warrant. During her interview, BROWN's girlfriend confirmed that she, BROWN and her two children were the only residents of 2317 Schull Road. She identified the dresser drawer containing the firearm, drugs and paraphernalia as belonging to BROWN and stated that she had never owned or possessed a firearm.

ATF subsequently determined that the Glock, model 30, .45 caliber pistol seized from BROWN's dresser drawer on the date of the residential search was a firearm as defined in Title 18, United States Code, Section 923(a)(3). Chemical analysis conducted by the Drug

10

Enforcement Administration, Mid-Atlantic Laboratory confirmed that the plastic bag of chunky white substance, also seized from BROWN's dresser drawer on the date of the residential search, contained 48.64 grams +/- 0.01 grams of cocaine base.

All of the above facts took place in the Western District of Virginia.

### FINDINGS OF FACT

Based on the evidence, representations of counsel, and the Defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions, and recommendations:

1. The Defendant is fully competent and capable of entering an informed plea to the charge set forth in Counts One and Two of the Superseding Indictment;

2. The Defendant is fully aware of both the nature of the charges set forth in Count One and the consequences of his guilty plea;

3. The Defendant is fully informed, and he understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The Defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The Defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The Defendant knowingly and voluntarily entered his said plea of guilty;

7. The Defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea

agreement;

8.     The plea agreement complies with the requirements of Rule 11(c)(1); and

9.     The evidence presents an independent basis in fact containing each essential element of the offenses to which the Defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I **RECOMMEND** that the Court accept the Defendant's plea of guilty to the offense charged in Counts One and Two of the Superseding Indictment, that he be adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding District Judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding District Judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The Clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period, the Clerk is directed to

transmit the record in this matter to Michael F. Urbanski, Chief United States District Judge.

Entered: September 27, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge